Dear Mr. White:
This office is in receipt of your opinion request wherein you inquired about the maximum term of employment the Concordia Parish School Board could offer a new school superintendent. Specifically, you sought our opinion relative to La.R.S. 17:54(B)(1) and its applicability to the Concordia Parish School Board which has not held elections because the United States Justice Department has not precleared the school board's reapportionment plan. The board's term was set to expire on December 31, 2002. The former superintendent retired, leaving the post vacant and therefore requiring the school board to elect a new superintendent. You questioned whether the contract term for a newly appointed school board superintendent should be a period of two years from December 31, 2002 or a period of two years from the date the new superintendent is chosen.
La.R.S. 17:54(B)(1) provides, in pertinent part:
 Notwithstanding the provisions of La.R.S. 42:3, each city and parish school board shall elect a superintendent of schools for a period not to exceed four years, which period, however, may extend no longer than two years after the expiration of the term of office of the membership of the board electing the superintendent (Emphasis supplied).
The Louisiana Civil Code Article 11 states that:
 The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given the technical meaning when the law involves a technical matter.
Further, La.R.S. 1:3 reads as follow:
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
It appears that the members of the Concordia Parish School Board are "holding over" until given preclearance by the United States Department of Justice. "Holding over" is a term given to public officers when " they [public officers] are to continue in office after the expiration of their official terms until their successors are duly qualified. Under the rule authorizing an officer to hold over, it has been said that he or she may do so where there has been a failure to hold an election to choose a successor." 63C Am. Jur.2d Public Officers and Employees § 149. Louisiana Constitution of 1974, Art. 14, '15, provides that:
 (A) person holding office by election shall continue to exercise his powers and duties until his office is abolished, his successor takes office or the office is vacated, as provided by law. A person holding an office by appointment shall continue to exercise his powers and duties until his office is abolished, his term ends, or he is removed or replaced under the provisions of this constitution or by law. Each public body shall continue to exercise its powers and duties until changed as provided by this constitution or by law.
Although your school board members are holding over, the Board's term officially expired December 31, 2002. In examining this issue, a board member's term must be distinguished from a board members' tenure. According to Parish of Plaquemine, State ex rel. Wilkinson v. Hingle,1909 WL 1545:
 The term of an office is distinct from the tenure of the incumbent. The one has reference to the time during which an officer may claim and hold the office of right; the other means simply the time during which he actually remains in office.
Although the Board's tenure has not ended, their term has expired according to statute. In accordance with La.R.S. 17:54, a new superintendent's term cannot exceed two years following the expiration of the electing board's term. Therefore, if your board elects a new superintendent, the contract may not extend beyond two years from December 31, 2002, or beyond December 31, 2004.
In conclusion, it is the opinion of this office that the contract term for a new superintendent should not be extended beyond a period of two years from the expiration of the board member's term of office, which in this case is December 31, 2002.
We hope this opinion sufficiently addresses your questions. If we can be of any further assistance, please let us know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:_____________________________ Veronica L. Howard Assistant Attorney General
RPI:VLH:lrs